UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TODD RAY JONES,<br><br>               Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | Case No.   1:10-cv-00384-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court are Petitioner's Motion For Documentary Evidence (Dkt. 31), Petitioner's Objection (Dkt. 26) to the Court's Order (Dkt. 25) granting limited waiver of attorney-client privilege, and a Motion for Clarification (Dkt. 28) by Petitioner's former counsel.  The Court is familiar with the record and has thoroughly considered the pleadings pertaining to these motions.  The Court now enters the following Order denying the Motions as discussed below.

## BACKGROUND

Petitioner Todd Ray Jones brought this habeas petition under 28 U.S.C. § 2255 challenging his criminal sentence imposed by the Honorable Tena Campbell, sitting by designation, following Jones' conviction by jury.  Mr. Jones' petition asserts that he received ineffective assistance from defense counsel in his criminal matter.  The Government sought and was granted a limited waiver of the attorney-client privilege, in order to question Mr. Jones' defense counsel, Tom Monaghan, and thus properly respond

to Jones' claims.  Mr. Jones objected, arguing that he should be appointed counsel, and that such counsel should be present at an evidentiary hearing for the Court to determine the validity of Mr. Monaghan's responses to the Government's questions.  Mr. Jones previously filed a motion for appointment of counsel on which the Court has deferred ruling pending receipt of the Government's response to the § 2255 Motion.  *Order*, Dkt. 23.  Mr. Monaghan seeks clarification from the Court as to the scope of the waiver, and proposes that the Government be directed to provide questions in advance of questioning. This way, Mr. Monaghan suggests, would best enable him to seek further clarification from the Court — if needed – and would best preserve the record for the Court's, or Petitioner's, later review.

## ANALYSIS

It is well established that, where a petitioner raises the effectiveness of counsel as a basis for a § 2255 motion, he waives the attorney-client privilege "as to all communications with his allegedly ineffective lawyer."  *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003)(citations omitted).  Such waiver prevents a petitioner from using the privilege to prevent the Government from accessing information critical to an adequate defense of petitioner's ineffective assistance of counsel claim.  *Id.* at 718. Accordingly, limited waivers, as was granted here, are routine.

In objecting to the Court's order, Mr. Jones suggests that the Government is attempting to depose Mr. Monaghan, thus under rules of discovery, the Court must allow Mr. Jones to be present during questioning.  The Government responds that it does not

seek to depose Mr. Monaghan.  Instead, it seeks information to which Mr. Jones is already privy – communications, for purposes of legal representation, between Mr. Jones and his counsel.

The Ninth Circuit has held that "[p]arties in habeas cases, unlike those in ordinary civil cases, have no right to discovery," except to the extent that a judge allows, for good cause.  *Id.* at 728 (citations omitted).  At this stage, there is no basis on which to find good cause for discovery as proposed by Mr. Jones – a deposition at which Mr. Jones could potentially object to responses by Mr. Monaghan.  Once Mr. Monaghan has been questioned, subject to the restrictions imposed by the Court (Dkt. 25), the Government will prepare a response to Mr. Jones' petition.  Mr. Jones will then have the opportunity to reply and address any objections he may have to information cited by the Government concerning Mr. Monaghan's representation of Mr. Jones.  The Court finds this process in keeping with principles of fairness, and thus denies Mr. Jones' request for reconsideration, or to otherwise alter the proposed procedure ordered by the Court in granting the limited waiver.

Mr. Monaghan seeks clarification of the scope of the limited waiver, and proposes a requirement that the Government specify its questions in writing before asking him about his representation of Mr. Jones.  Mr. Monaghan suggests that this would both preserve a record of the Government's questions, and facilitate additional requests for clarification.  The Court declines Mr. Monaghan's invitation to impose this requirement on the Government.  First, it is unclear that Mr. Monaghan's proposal will preserve a

record or facilitate clarification better than without the requirement.  Also, the restriction unnecessarily impedes on the organic nature of an interview, where relevant and permissible questions may arise only after hearing responses to those questions posed in advance.  If Mr. Monaghan feels, at any point, that a particular question exceeds the proper bounds of the issues raised by Mr. Jones in his petition, he may inform the Government and bring the concern to the Court at that time.  The Court finds that the advantages identified by Mr. Monaghan, if any, do not outweigh the inefficiencies that would inevitably result.  Accordingly, the Court rejects the proposal.

With respect to Mr. Jones' request for documents, the Court finds his request premature.  For a defendant proceeding in forma pauperis to obtain a copy of a transcript without cost, a court must certify ". . . that the transcript is needed to decide the issue presented by the suit or appeal."  28 U.S.C. § 753(f); *United States v. MacCollom*, 426 U.S. 317 (1976).  Until the Government has filed its response, it is not clear what the scope of issues is.  Thus the Court will deny the motion without prejudice.

## ORDER

### IT IS ORDERED THAT

1. Petitioner's Objection (Dkt. 26) to the Court's Order (Dkt. 26) to the extent it moves for reconsideration, is DENIED.

2. The Motion for Clarification (Dkt. 28) is DENIED.  The Court's Order (Dkt. 25) Granting Limited Waiver shall stand as written.

3. Petitioner's Motion for Documentary Evidence (Dkt. 31) is DENIED without prejudice.

4. The Clerk of Court shall forward a copy of this Order to Attorney Thomas Monaghan at his registered ECF address.

DATED: March 14, 2012

B. Lynn Winmill
Chief Judge
United States District Court