# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TODD RAY JONES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 1:10-CV-00384-BLW<br><br>MEMORANDUM DECISION AND ORDER |

Pending before the Court is Todd Ray Jones's Motion for Plain Error Pursuant to Rule 52 (Dkt. 55). Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, this Motion shall be decided on the record before this Court without oral argument.

## BACKGROUND

On August 2, 2012, Jones filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. Jones alleged his counsel, Mr. Monaghan, failed to object to the search warrant, and failed to request a competency hearing during the change of plea and sentencing phase of the proceedings. The Court denied the petition on August 29, 2013. *Order*, Dkt. 52. Now Jones filed this

Motion, asking the Court to vacate and set aside its "previous order of sentencing pursuant to Rule 52(b) Federal Rule of Criminal Procedure, Plain Error, to correct Procedural and Constitutional Errors made by this Court at sentencing." *Jones Br.* at 1, Dkt. 55.

## ANALYSIS

To the extent the claim raised in this Motion seeks to reopen the § 2255 proceedings as a new ground for relief, the Motion is treated as a § 2255 motion. *See United States v. Buenrostro,* 638 F.3d 720, 722 (9th Cir. 2011). A "defect in the integrity of the federal habeas proceedings," such as "fraud on the habeas court," might justify reopening § 2255 proceedings. *Gonzalez v. Crosby,* 545 U.S. 524, 532 & n. 5 (2005). This case, however, is not one in which Jones can or has demonstrated such a defect or that his is the rare case in which extraordinary circumstances justify reopening the final order denying his § 2255 motion. *See Buenrostro,* 638 F.3d at 722–23. There has been no defect shown in the integrity of his first § 2255 proceeding. *Id*.

To the extent the Jones's Motion seeks to bring a new claim for relief, independent from those claims adjudicated in his first § 2255 case, the Court treats this Rule 52(b) Motion as a § 2255 Motion. *Buenrostro*, 638 F.3d at 723. As such, the Court must consider whether Jones is allowed to file such a § 2255 motion. *Id*. Section 2255(h) provides:

> A second or successive motion must be certified ... by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Here, there is no basis shown for allowing Jones to file this § 2255 petition. There is no newly discovered evidence raised here supporting Jones's innocence, nor any new rule of constitutional law that is applicable. As such, the Motion is denied.

Further, the Court denies any request for a certificate of appealability. In order to pursue any appeal from the denial or dismissal for writ of habeas corpus brought by a federal prisoner under 28 U.S.C. § 2255, a petition/appellant must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b). When the denial or dismissal of a habeas corpus petition is based upon the merits of the claims in the petition, a district court should issue a certificate of appealability only where the appeal presents a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

To satisfy the "substantial showing" standard, a Jones "must demonstrate that the issues are debatable among jurists of reason[,] that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (setting forth the standard for issuance of a certificate of probable cause, the predecessor to the certificate of appealability).

There is no substantial showing that can be made in this case. Jones has made no credible showing or any new arguments as to why this Court's ruling was incorrect and, further, there can be made no substantial showing of the denial of a constitutional right.

*See Murphy v. Johnson,* 110 F.3d 10, 11 (5th Cir. 1997). Accordingly, a certificate of appealability cannot issue in this case.

### ORDER

**IT IS ORDERED:**

1. Todd Ray Jones's Motion for Plain Error Pursuant to Rule 52 (Dkt. 55) is **DENIED**.

2. His request for Certificate of Appealability is **DENIED**.

DATED: October 15, 2014

B. Lynn Winmill
Chief Judge
United States District Court